73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Huseyin YILDIRIM, and Luis Elias Handal, Defendants-Appellants.
 Nos. 94-6456, 94-6457.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: ENGEL, BROWN, and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case there are two defendants, Luis Elias Handal and Huseyin Yildirim who attempted to escape from the federal prison center in Memphis, Tennessee. They were there because on September 4, 1987, the defendant, Luis Handal, was sentenced to twenty-five years for possession of cocaine with intent to distribute and the possession of a firearm. Similarly, on September 20, 1989, Huseyin Yildirim was sentenced to life imprisonment for conspiracy to commit espionage. The escape began at approximately 7:15 on December 20, 1991, when both defendants, dressed in a number of layers of clothing, were caught between the fences at the prison. They were caught, by prison officials within the facility itself, in possession of the necessary equipment to cut the fence at the institution. The first fence had in fact been cut, and both were spotted before they escaped through the second fence.
 
 
 2
 After they were arrested, it was obvious from their clothing that they had intended to perpetrate an escape from the institution. Pursuant to that, they were both indicted and charged with the attempt to escape under 18 U.S.C. Sec. 751(a)(2). Both defendants received an additional period of incarceration in the neighborhood of two and one-half to three years of extra time.
 
 
 3
 On appeal the defendants raise the question of the sufficiency of the evidence and whether or not the trial court's restricting of cross-examination of an eyewitness was appropriate. There was also an issue of the speedy trial time computation.
 
 
 4
 From the testimony of the witnesses who were employees at the institution, there seems to be absolutely no doubt that these two defendants had in fact used the equipment to cut the fence and were proceeding to cut the second fence when they were apprehended. The clothing each defendant wore was consistent with an intent to escape. A reasonable person could determine that they in fact were attempting to escape, and on the sufficiency of the evidence, there appears to be no doubt that this met the Jackson v. Virginia, 443 U.S. 307 (1979) standard. On the question of cross-examination, our settled decisions have always said that that is a matter of discretion on the part of the district court, and the district court did not abuse its discretion here.
 
 
 5
 The remaining issues regarding the computation on the time of the indictment are without merit. See, United States v. Pierce, 17 F.3d 146 (6th Cir.1994).
 
 
 6
 Judgment affirmed.